IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ROSS LYN VALIGURA,                         §
                           Petitioner,     §
                                           §
v.                                         §
                                           §          C.A. NO. C-05-459
DOUG DRETKE, Director,                     §
Texas Department of Criminal Justice,      §
Correctional Institutional Division,       §
                           Respondent.     §

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

In this § 2254 habeas corpus action, petitioner challenges his conviction for

the offense of aggravated assault with a deadly weapon.  (D.E. 1, at 2).  Respondent

moves the Court to dismiss petitioner's action on the grounds that it is time barred

pursuant to the one-year statute of limitations established in the Antiterrorism and

Effective Death Penalty Act ("AEDPA").  (D.E. 25, at 5-8).  In the alternative,

respondent argues that, even if the Court were to find that petitioner's application is

not time barred, his petition should be dismissed because he has failed to exhaust

his state remedies, and his claims are meritless.  (D.E. 20, at 3-5).

For the reasons stated herein, it is respectfully recommended that the

respondent's motion for summary judgment be granted, and petitioner's habeas

application be dismissed with prejudice as time barred.[1]

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II. BACKGROUND

The Director has lawful custody of petitioner pursuant to a judgment and sentence of the 24th Judicial District Court of Jackson County, Texas, in cause number 96-11-5736, styled State of Texas v. Ross Lyn Valigura.  Ex parte Valigura, App. No. 60,600-01 at 21.

On November 22, 1996, petitioner was indicted for aggravated assault with a deadly weapon, which occurred on October 27, 1996.  Id. at 15.  On April 1, 1997, he pleaded guilty and entered into a plea agreement in which he was placed on deferred adjudication for ten years.  Id. at 16.  In 2001, the State filed a petition requesting that the Court revoke petitioner's probation, and enter a final adjudication of his guilt.  Id. at 24.  On December 17, 2003, the trial court revoked his deferred adjudication, and sentenced him to five-years confinement in the Texas Department of Criminal Justice Correctional Institutions Division ("TDCJ-CID").  Id. at cover 4.

---

[1] This memorandum and recommendation to grant respondent's motion to dismiss does not address the merits of petitioner's claims, or whether petitioner has adequately exhausted state remedies.  Rather, it is respectfully recommended that the petition be dismissed as time barred, and therefore, a discussion of the merits of petitioner's claims is unwarranted.

Petitioner stated that he did not file a direct appeal of the trial court's judgment.  (D.E. 1, at 3).   On September 27, 2004, he did file a post-conviction state habeas application challenging his conviction and five-year sentence.  Ex parte Valigura, App. No. 60,600-01 at 3.  His state habeas petition raised four grounds on which habeas relief could be granted.  Id. at 8-9.  On December 22, 2004, the Texas Court of Criminal Appeals dismissed petitioner's state habeas without written order. Id. at cover.

Petitioner filed this petition on September 8, 2005.  (D.E. 1, at 9).  Respondent moves to dismiss petitioner's application arguing that it is time barred pursuant to AEDPA.  (D.E. 25, at 5-8).  Respondent alternatively argues that petitioner's application should be denied because he has not exhausted his state remedies, and because all of his claims lack merit.  Id. at 3-5.

Petitioner objects to respondent's motion, and argues that he is entitled to equitable tolling of AEDPA's one-year statute of limitations because respondent and employees of the TDCJ-CID have actively prevented him from asserting his constitutional rights by denying him access to the prison's legal library.  (D.E. 26, at 2).  Additionally, petitioner argues that because he has alleged that the State failed to abide by its plea bargain, he is entitled to raise this issue at any time.  (D.E. 24, at 3). Finally, he claims that the denial of his state habeas application was contrary to clearly established federal law.  Id. at 4.

## III.  PETITIONER'S ALLEGATIONS

Petitioner raises two grounds for relief in this petition.  (D.E. 1, at 7).  First, he argues that he was denied his due process rights because the trial court's final adjudication was different from his original plea bargain agreement.  Id.  Second, he argues that he received ineffective assistance of counsel because his counsel did not know the facts of the case, did not advise him of his rights, was not present at the grand jury proceedings, accepted the State's case as fact, failed to file an appeal as directed, did not advise him of his right to a hearing on the deadly weapon finding, and did not advise him the length of his confinement could be increase if there was a finding of use of a deadly weapon.  (D.E. 1, 2).

## IV.  DISCUSSION

### A.    AEDPA's Statute Of Limitations.

Petitioner's writ of habeas corpus is subject to review pursuant to the provisions of AEDPA.  Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to habeas petitions filed after its effective date of April 24, 1996). Pursuant to AEDPA, state prisoners have a one-year statute of limitations period within which to file a petition for federal habeas corpus relief.  This limitations period runs from the latest of four alternative dates:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an
>        application created by State action in violation of the
>        Constitution or laws of the United States is removed, if
>        the applicant was prevented from filing by such State
>        action;
>
> (C)   the date on which the constitutional right asserted was
>        initially recognized by the Supreme Court, if the right
>        has been newly recognized by the Supreme Court and
>        made retroactively applicable to cases on collateral
>        review; or
>
> (D)   the date on which the factual predicate of the claim or
>        claims presented could have been discovered through
>        the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner seeks state

post-conviction writ review:

> The time during which a properly filed application for
> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d)(2).

**B.   Petitioner's Claims Are Untimely.**

Petitioner appears to challenge both his original guilty plea, and the trial

court's adjudication of his guilt.

**1.   Claims Arising Out Of The Guilty Plea Proceeding.**

Petitioner pleaded guilty to the offense of aggravated assault with a deadly

weapon, and was placed on deferred adjudication probation on April 1, 1997.  Ex

5

parte Valigura, App. No. 60,600-01 at 16.  This judgment became final upon the
expiration of time to seek direct review, which in this case was thirty days after the
trial court placed him on deferred adjudication probation.  Tex. R. App. P.
26.2(a)(1) ("The notice of appeal must be filed ... within 30 days after the day
sentence was imposed or suspended in open court, or after the day the trial court
enters an appealable order...."); see also Caldwell v. Dretke, 429 F.3d 521, 528 (5th
Cir. 2005) (holding orders of deferred adjudication community supervision are final
judgments for purposes of AEDPA's one-year statute of limitations); United States v.
Vasquez, 298 F.3d 354, 359 (5th Cir. 2002) (per curiam) (in Texas, when no appeal
is taken from deferred adjudication order, the order becomes final thirty days
thereafter).  In Vasquez, the Fifth Circuit explained that under Texas law, "[a]
defendant whose deferred adjudication is revoked may appeal only from the
revocation.  The underlying adjudication may be appealed only at the time probation
is given."  298 F.3d at 359 (citations omitted).

Accordingly, AEDPA's one-year statute of limitations began to run on May 1,
1997, and therefore, any claims arising out of petitioner's guilty plea proceedings to
be considered timely filed required petitioner to have filed them by May 1, 1998.
See 28 U.S.C. § 2244(d)(1)(A).  Petitioner filed this petition on September 8, 2005,
over seven years after the limitations period expired.  (D.E. 1, at 9).  AEDPA does
allow for the limitations period to be tolled while a state post-conviction action is

pending.  See 28 U.S.C. § 2244(d)(2).  Petitioner, however, did not file his state

habeas writ until September 27, 2004.  Ex parte Valigura, App. No. 60,600-01 at 3.

It is respectfully recommended that the Court find petitioner's claims relating

to his guilty plea are time barred because AEDPA's one-year statue of limitations

expired prior to his filing of this petition.  See 28 U.S.C. § 2244(d)(1).  It is further

respectfully recommended that the Court find that because his state habeas

application was filed after AEDPA's one-year statute of limitations expired, it did

not toll AEDPA's statute of limitations.  See Scott v. Johnson, 227 F.3d 260, 263

(5th Cir. 2000) (where a state habeas application is not filed until after the federal

limitations period has run, pursuant to § 2244(d)(2), filing does not toll the

limitations period).

### 2.    Claims Arising Out Of The Final Sentencing.

The State of Texas moved to revoke petitioner's probation in 2001.  Ex parte

Valigura, App. No. 60,600-01 at 24.  On December 17, 2003, the trial court judge

adjudicated his guilt, and sentenced him to five-years confinement.  Id. at 4.  This

judgment became final upon the expiration of time to seek direct review, which in

this case was thirty days after the trial court sentenced him to five-years

confinement.  Tex. R. App. P. 26.2(a)(1).

For any claims related to the adjudication of his guilt and five-year sentence,

AEDPA's one-year statute of limitations began to run on January 16, 2004.

Therefore, for these claims to be considered timely filed, petitioner had to have filed them by January 16, 2005. See 28 U.S.C. § 2244(d)(1)(A). AEDPA, however, provides that the limitations period is tolled during the period of time while a State post-conviction action is pending. See 28 U.S.C. § 2244(d)(2); In re Wilson, _ F.3d _, 2005 WL 3418652, *1 (5th Cir. Dec. 13, 2005) (explaining that the tolling by a state habeas application is only a year total of time before and after the state application becomes final).

On September 27, 2004, petitioner filed his state habeas writ, which was denied by the Texas Court of Criminal Appeals on December 22, 2004. Ex parte Valigura, App. No. 60,600-01 at cover, 3. His state writ tolled AEDPA's limitations period for 106 days. Therefore, the limitations period to file claims arising out of his final sentencing did not expire until May 2, 2005. Petitioner filed this petition on September 8, 2005. (D.E. 1, at 9).

It is respectfully recommended that the Court find petitioner's claims arising out of the trial court's adjudication of his guilt are time barred, because AEDPA's one-year statue of limitations expired prior to his filing of this petition. See 28 U.S.C. § 2244(d)(1). It is further respectfully recommended that the Court find that his state habeas application tolled AEDPA's limitations period for 106 days; however, his claims are untimely because he filed this petition after the extended limitations period had expired.

**C.    Petitioner Is Not Entitled To Equitable Tolling.**

Petitioner requests that he be granted equitable tolling of AEDPA's limitations period because he has been prevented from asserting his rights.  (D.E. 26, at 2) (citing Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (holding equitable tolling preserves claims from strict application of limitations period where it would be inequitable, principally applicable where a petitioner is actively misled, or prevented from asserting his rights in a extraordinary manner).

Petitioner contends that respondent and TDCJ-CID's employees have actively prevented him from asserting his constitutional rights by denying him access to the prison's legal library.  Id.  He specifically alleges that he is being held at a TDCJ-CID facility without access to an adequate law library, and his requests for certain legals materials, and access to a larger law library have been denied.  (D.E. 24, at 2).  He also claims that he was misled by prison law library staff that he had one year from the denial of his state writ in which to file his federal writ.  (D.E. 26, at 2).

Petitioner is correct that the Fifth Circuit has recognized that AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling.  See Coleman, 184 F.3d at 402 (citing Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998)).  Equitable tolling, however, is permissible only under "rare and exceptional" circumstances.  Davis, 158 F.3d at 811.  In Davis, the Fifth Circuit permitted equitable tolling where the petitioner, a death penalty defendant whose attorney

became incapacitated, diligently pursued his habeas corpus remedy, but erroneously relied on multiple extensions of time to file his petition.  Id. at 811-12.

Notwithstanding Davis, the Fifth Circuit has rarely found exceptional circumstances to justify equitable tolling where petitioners claim the prison libraries are inadequate.  See, e.g., Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000) (no equitable tolling based on pro se status, or inadequate prison library); Scott, 227 F.3d at 263 (no equitable tolling due to confiscation of legal materials and inadequate library).  Equitable tolling is not intended for those who do not diligently pursue their rights, or "sleep on their rights."  Coleman, 184 F.3d at 402 (citing Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)).

It is respectfully recommended that the Court find petitioner has not offered any legitimate reason to explain why he did not timely file his federal habeas petition.  It is further respectfully recommended that the Court find that he has failed to establish that he is entitled to equitable tolling of AEDPA's statute of limitations.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v.

10

Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may <u>sua</u> <u>sponte</u> rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon <u>Slack</u>, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a

petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484).

Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## VI.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss be granted.  It is further respectfully recommended that petitioner's petition be dismissed with prejudice because all of his claims are time barred, and he has not shown that he is entitled to equitable tolling.  Finally, it is respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 30th day of December 2005.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

13

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

14